**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LAVERN BERRYHILL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 13-CV-224-GKF-PJC |
| | ) |
| THE STATE OF OKLAHOMA; | ) |
| THE THOMAS SEYMOUR LAW FIRM, | ) |
| | ) |
| Respondents. | ) |

**OPINION AND ORDER**

On April 18, 2013, Petitioner, a state prisoner in custody at the Oklahoma State Penitentiary, located in McAlester, Oklahoma, filed a *pro se* document titled "Fed. R. Civ. P. Rule 60 B-4 Motion the Judgment in the Above Case # Cause of Action Against this Plaintiff is Null & Void" (Dkt. # 1). Based on Petitioner's claim that there has been a "23 year delay" in securing an appeal in his underlying criminal cases, as filed in Oklahoma County District Court, Case Nos. CF-90-1250 and CF-90-1614, and his request for "immediate release," the Clerk of Court opened this 28 U.S.C. § 2254 habeas corpus action. For the reasons discussed below, this Court lacks authority to consider Petitioner's claims. As a result, this action shall be dismissed without prejudice to being refiled in the appropriate judicial district.

To the extent Petitioner challenges the validity of convictions, his claims arise under 28 U.S.C. § 2254. Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). A prisoner in custody pursuant to the judgment and sentence of a State court which has two or more Federal judicial districts, such as Oklahoma, may file a petition for writ of habeas corpus in either the district court for the district wherein such person is in custody or in the district court for the district within which

the conviction was entered. 28 U.S.C. § 2241(d). Each of such district courts shall have concurrent jurisdiction over the petition and the district court wherein the petition is filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to the other district court for hearing and determination. Id.

In this case, Petitioner's convictions were not entered in a county located within this judicial district nor is Petitioner presently in custody within this judicial district. Petitioner's convictions were entered in Oklahoma County, Oklahoma, located within the territorial jurisdiction of the United States District Court for the Western District of Oklahoma. 28 U.S.C. § 116(c). Petitioner is in custody in Pittsburg County, Oklahoma, located within the territorial jurisdiction of the United States District Court for the Eastern District of Oklahoma. 28 U.S.C. § 116(b). Pursuant to 28 U.S.C. § 2241(d), this Court may not properly consider this petition. The Court finds that the appropriate forum for judicial review of any § 2254 claim challenging the validity of the convictions and sentences entered in Oklahoma County is the United States District Court for the Western District of Oklahoma.

The Court recognizes that Petitioner attempts to link his claims to Harris v. Champion, N.D. Okla. Case No. 90-CV-448-JOE. See Dkt. # 1. That case involved a group of habeas corpus actions from all three federal judicial districts in Oklahoma and required the Court to evaluate, *inter alia*, whether excessive delays in adjudication of direct criminal appeals in state court constituted violations of the petitioners' rights to due process, equal protection, or effective assistance of counsel. The case was resolved by a three-judge panel composed of one judge from each of the three federal judicial districts. Petitioner's habeas case, filed in W.D. Okla. Case No. 92-CV-378-T, was

one of many of the cases, known as the "<u>Harris</u> group."[1] However, Petitioner's request for habeas corpus relief, filed in W.D. Okla. Case No. 92-CV-378-T, was denied on December 30, 1994, by Order entered in the Western District of Oklahoma. <u>See</u> https://ecf.okwd.uscourts.gov. His individual request for habeas corpus relief was not resolved as part of the grouped <u>Harris</u> case. In addition, in the instant case, Petitioner alleges that a "fraudulent" judgment was entered in F-1991-918, the direct appeal from his Oklahoma County convictions. His allegations do not challenge rulings entered in the <u>Harris</u> case. Thus, the Court finds that Petitioner's reference to the <u>Harris</u> case is inadequate to confer jurisdiction on this Court to review the validity of Petitioner's Oklahoma County convictions.[2]

The Court also recognizes that Petitioner seeks money damages from the Law Firm of Thomas Seymour. <u>See</u> Dkt. # 1. Money damages are not available in a habeas corpus case. To the extent this action could be construed as a 42 U.S.C. § 1983 case, it would be subject to being dismissed with prejudice for at least two reasons. First, Petitioner claims his attorney mishandled some aspect of his representation and that, as a result, he is entitled to compensation. However, attorneys are not "state actors" for purposes of § 1983. <u>See</u> <u>Briscoe v. LaHue</u>, 460 U.S. 325, 329 n.6 (1983) (stating that "even though the defective performance of defense counsel may cause the trial

---

[1] As of April 9, 1993, the "<u>Harris</u> group" was composed of approximately 284 habeas cases. <u>See</u> <u>Harris v. Champion</u>, 15 F.3d 1538, 1552 (10th Cir. 1994).

[2] Petitioner's motion is not a model of clarity. However, even if the motion could be construed as a procedural challenge to any ruling entered in <u>Harris</u>, the motion would be denied. A Rule 60(b)(4) motion must be filed "within a reasonable time." <u>See</u> Fed. R. Civ. P. 60(c)(1). The <u>Harris</u> case was closed on October 24, 1996, or more than sixteen (16) years ago. Petitioner did not file his motion within a reasonable time. Furthermore, to the extent Petitioner attempts to assert or reassert substantive grounds for habeas corpus relief, his motion would be dismissed as a second or successive habeas petition filed without prior authorization from the Tenth Circuit Court of Appeals. <u>See</u> 28 U.S.C. § 2244(b)(3)(A).

3

process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983"). Second, any civil rights claim related to the Harris litigation would be time barred. More than sixteen (16) years have passed since the Harris case was closed. Thus, the two (2) year statute of limitations applicable to civil rights claims in Oklahoma expired long ago. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that the statute of limitations for § 1983 is based upon the applicable state law limitations for a private tort action), *superseded by statute on other grounds, as stated in* Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 377-78 (2004); Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988).

To summarize, Petitioner is not confined in this judicial district nor does he challenge a conviction entered by a state court located in this judicial district. Therefore, this habeas corpus action shall be dismissed without prejudice to being refiled in the appropriate judicial district.[3] In addition, to the extent this case could be construed as a 42 U.S.C. § 1983 civil rights action, it would be subject to being dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that** this habeas corpus action is **dismissed without prejudice** to being refiled in the appropriate judicial district.

DATED THIS 1st day of May, 2013.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Petitioner is advised that the one-year limitations period applicable to his § 2254 claims, see 28 U.S.C. § 2244(d), appears to have expired long ago.